Kirkpatrick C. J.
The course of the court on this subject, has been this: Soon after the passing of the act,
constituting courts for the trial of small causes, it was adjudged, that the general principles of law with respect to the return of writs of error, and writs of certiorari in other courts, should be applied to those also; and that therefore, in cases of certiorari directed to them, if the justice did not return the whole record and proceeding in the plaint before' him, either party upon the suggestion of diminution, might take a rule upon him to complete his return; and that until the same was completed, all further proceedings should stay, &c.
In process of time, however, it was found, that some of the justices were at a loss to determine exactly what constituted a complete return, and that by reason thereof, parties were put to great expense and trouble in taking rule after rule for this purpose, to the great hindrance of right and delay of justice. And to remedy this evil, as far as possible, the court made a rule setting 'forth specifically, as far as the same could be done, what should constitute such complete return, and requiring the justices in all cases to make the same, in the first instance, and without further rule or other delay. This rule was made at May term, 1816. \
But inasmuch, as it frequently happened, that those things which had taken place in the prosecution of the suit, and which ought to have been entered in the justice’s docket, were not actually so entered; and that the process, pleading, and other papers which ought to have been placed upon his files, were not actually so placed; ■and that by reason .thereof, the true state of the case could not be had from the records of the justice: and inasmuch as it frequently happened too, that there were matters wholly extrinsic, which could appear neither *419 from the docket *nor from the files, however well and carefully entered and kept, and which notwithstanding a court of superintending jurisdiction, must possess, in order to enable it to render justice according to law. Therefore,
It was further adjudged, that in these cases either party might, upon the suggestion of the fact, have a rule to take affidavits to prove such matters, giving due notice of the time and place of taking &c.
Hence it has become a rule, that upon the return of a certiorari, either party may, upon allegation of diminution, take a rule upon the justice to amend his return in any matter which ought, by law to appear upon his docket or upon his files, but not as to his memory, belief, or opinion; that he may, at the same time, upon the allegation of extrinsic facts, take a rule for affidavits to establish those facts, if relevant to his complaint: and that after the justice has made his amended return, and not before, if still the record be not complete, he may take a rule for affidavits to supply those things which actually happened, and which ought to have been entered in the docket or affiled in the court, and which, notwithstanding, are not contained in the said return.
This is the rule upon which we have practised, and I believe it is the true one.
By the Court. Let the rule be entered.